UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE SANCHEZ, individually and on behalf of all others similarly situated, § § § | DOCKET NO. 5:18-cv-1154 |
| Plaintiff, § | |
| § | JURY TRIAL DEMANDED |
| vs. § | |
| § | COLLECTIVE ACTION |
| § | PURSUANT TO 29 U.S.C. § 216(b) |
| NICE GROUP USA, INC. § | |
| § | |
| Defendant. § | |
| § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary

1. Plaintiff Jose Sanchez ("Plaintiff" or "Sanchez") worked for Defendant Nice Group USA, Inc. ("Nice" or "Defendant") as a production supervisor. Sanchez and other similarly situated manufacturing employees were paid a salary but no overtime compensation when working more than 40 hours a week and were misclassified as exempt. Nice's pay practices violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

### Jurisdiction & Venue

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division. Sanchez performed work-related tasks for Nice in this District.

## Parties

4. Sanchez was employed by Nice and regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

5. Sanchez represents the class of similarly situated co-workers.

6. Sanchez brings this action on behalf of himself and all other similarly situated salary employees misclassified as exempt under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Sanchez and is properly defined as:

> **ALL MANUFACTURING EMPLOYEES EMPLOYED BY NICE GROUP USA, INC. DURING THE PAST 3 YEARS WHO WERE PAID A SALARY WITH NO OVERTIME COMPENSATION.**

The members of the FLSA Class are easily ascertainable from Nice's business and personnel records.

7. Defendant **Nice Group USA, Inc.** is a corporation doing business throughout the United States, including Texas. Nice is a home automation manufacturing company. Its employees routinely use, handle, sell and/or work on gate operators, garage doors, parking systems, awnings, and blinds. These items were produced for interstate commerce and/or traveled in interstate commerce. Nice is covered by the FLSA and has been during the applicable statute of limitations. Nice is therefore obligated to pay its non-exempt employees overtime under the FLSA. Nice may be served through its registered agent: Scott Blub, 12625 Wetmore Road, #218, San Antonio, Texas 78247.

## Coverage Under the FLSA

8. At all times hereinafter mentioned, Nice has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

9. At all times hereinafter mentioned, Nice has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

10. At all times hereinafter mentioned, Nice was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Sanchez and the Class Members were engaged in commerce or in the production of goods for commerce.

**Factual Allegations**

12. Nice is a home automation manufacturing company. Its employees routinely use, handle, sell and/or work on gate operators, garage doors, parking systems, awnings, and blinds. It distributes across the United States, included Texas.

13. Manufacturing employees are an integral part of Nice's home automation manufacturing.

14. No advanced degree is required to become a manufacturing employee. In fact, Nice regularly hires employees who only have a high-school diploma (or less).

15. For example, Sanchez did not have any advanced degree.

16. Being a manufacturing employee is not work requiring specialized academic training as a standard prerequisite.

17. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

18. Instead, manufacturing employees apply well-established techniques and procedures.

19. Employees are not permitted to deviate from established quality standards.

20. Manufacturing employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the plant.

21. With these job duties, manufacturing plant employees are clearly **non-exempt** under the FLSA.

22. While in the manufacturing plant, employees regularly work 12 hours in a day, and more than 70 hours in a week.

23. Nice does not pay its employees overtime for hours worked in excess of 40 in a workweek.

24. Instead, Nice pays its employees base salary, without overtime.

25. Nice originally paid Sanchez hourly with overtime. However, starting in 2014, Nice began paying Sanchez a salary without any change to his job duties and job title.

26. Sanchez and the Class Members worked for Nice as employees over the past three years in Texas.

27. As a result of Nice's pay policies, Sanchez and the Class Members were denied the overtime pay required by federal law.

28. Nice keeps accurate records of the hours, or at least days, its employees work.

29. It also keeps accurate records of the amount of pay employees receive.

30. Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Nice does not pay them overtime.

## Cause of Action

### Violation of the FLSA

31. Sanchez incorporates the preceding paragraphs by reference.

32. As set forth herein, Nice violated the FLSA by failing to pay Sanchez and the Class Members overtime at one and one half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

33. At all relevant times, Nice has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

34. Nice employed Sanchez and each member of the Class.

35. Nice's pay policy denied Sanchez and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

36. Nice owes Sanchez and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

37. Nice knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Sanchez and the Class is willful.

38. Due to Nice's FLSA violations, Sanchez and the Class Members are entitled to recover from Nice for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

39. The improper pay practices at issue were part of a continuing course of conduct, entitling Sanchez and Class Members to recover for all such violations, regardless of the date they occurred.

## Jury Demand

40. Sanchez demands a trial by jury.

## Prayer

WHEREFORE, Sanchez prays for:

    a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order finding Nice Liable for violation of federal wage laws with respect to Sanchez and all Class Members covered by this case;

c. A judgment against Nice awarding Sanchez and the Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
William R. Liles
State Bar No. 24083395
wliles@mybackwages.com
**Josephson Dunlap**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

rburch@brucknerburch.com

**Attorneys in Charge for Plaintiff**